(4 Misc. Rep. 606; mem. report without opinion.)

ROBINSON v. HEIMBECKER.

(Common Pleas of New York City and County, General Term. August 9, 1893.)

ACTION FOR MISREPRESENTATIONS—SUFFICIENCY OF EVIDENCE.
In an action to recover for misrepresentations by defendant as to his competency to teach photo-engraving, whereby defendant was induced to pay him for instruction in advance, plaintiff testified that defendant was incompetent, and a witness for plaintiff testified that defendant, while in his employ, had spoiled some plates, but it appeared that this witness discharged defendant because he was unable to work rapidly. Defendant and other witnesses testified to defendant's competency. *Held*, that plaintiff's burden of proving false representations was not sustained.

Appeal from fourth district court.

Action by John W. Robinson against Henry H. Heimbecker for false representations. From a judgment for plaintiff, defendant appeals. Reversed.

Argued before BISCHOFF and GIEGERICH, JJ.

L. C. Whiton, for appellant.

Samuel Strasbourger, for respondent.

GIEGERICH, J. This action was brought to recover the sum of $75 damages for false and fraudulent misrepresentations alleged to have been made by the defendant to the plaintiff, whereby the latter was induced to pay such aforesaid sum as consideration, under the following agreement:

"In consideration of the sum of $75 paid to me, for which this is the receipt, I agree to teach John Robinson all the trade secrets of photo-engraving of which I am possessed, as well as the practical teaching and all the formulas connected with it. [Sg.] H. H. Heimbecker."

The manner in which the complaint is framed favors the view that the action is in tort, but, assuming that it may possibly have been intended to be brought upon the contract, the plaintiff's testimony to the effect that he himself failed to continue performance in the first instance, and defendant's uncontradicted testimony that he was ready to perform at any time, would preclude a recovery upon any such theory. We take the view, then,

that recovery is sought by reason of the alleged misrepresentations by defendant as to his competency to teach the plaintiff the trade of photo-engraving; and, upon this assumption, it seems obvious to us that the plaintiff has wholly failed to sustain the burden of proving such misrepresentations. The only positive testimony with regard to defendant's lack of ability is given by the plaintiff himself, who, by his own assertion, is not instructed in the trade. This testimony could be of weight only if given by one well versed in the same trade as that with regard to which another's competency is sought to be questioned. The plaintiff was confessedly not versed at all in the trade of photo-engraving, and defendant is uncontradicted in his testimony as to his long experience. There was no objection to this testimony of the plaintiff upon the trial, but its inherent incompetency is to be considered in determining the weight of the evidence. Plaintiff's witness Davis, defendant's former employe, testified that defendant spoiled some plates; but, considering all of his testimony, we find that his real reason for discharging the defendant was that he was not a rapid worker. This would not affect his ability to impart his knowledge of the trade to the plaintiff, nor does it tend to show any lack of such knowledge. The testimony of the witness Smith does not add sufficient weight to the plaintiff's case. The mere fact that the work he mentions was returned receives little additional importance from his nonexpert opinion as to the manner in which such work was done. The testimony of the defendant and his witnesses clearly outweighs the slight evidence given in support of plaintiff's cause of action. We conclude from the whole testimony that the weight of evidence is with the defendant to such a degree that plaintiff's burden of proving the false representations has in no way been sustained. As to the note, of which mention was made on the trial, we can only say that, if it had any probative force, it would be as evidence of an accord and satisfaction; but it not having been paid at maturity, and the same having been returned to the defendant, the plaintiff was restored to his original rights, and his remedy lay either in tort or upon the contract as before. The judgment should be reversed, and a new trial ordered, with costs to appellant to abide the event.